**FILED**
**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 119**

| | |
|---|---|
| **GREGORIO MURILLO**, on behalf of himself and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | |
| v. | No. |
| **BECKY CHOI**, individually**, PAUL WANG**, individually, and **KO CHEE JIP RESTAURANT, INC.**, an Illinois corporation, | |
| Defendants. | JURY DEMAND |

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE COX**

## COMPLAINT

**NOW COMES**, the plaintiff, **GREGORIO MURILLO**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and complaining of the defendants, **BECKY CHOI**, individually ("CHOI"), **PAUL WANG**, individually ("WANG"), and **KO CHEE JIP RESTAURANT, INC.** ("KO CHEE JIP"), an Illinois corporation, and pleading hypothetically and in the alternative, alleges as follows:

### I. INTRODUCTION

1.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and other similarly situated employees. The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants refused to pay the plaintiff time-and-a-half overtime compensation.

2. In Counts II and III, the plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are similar and analogous to those that Congress set forth in the FLSA.

3. During the period or periods herein relevant, the defendants (or an enterprise owned and/or controlled by the defendants, and each of them, singly or in or in one or more combinations), routinely and as a matter of practice and policy required the plaintiff and other similarly situated employees to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

4. Further, during the period or periods herein relevant, the defendants (or an enterprise owned and/or controlled by the defendants, and each of them, singly or in or in one or more combinations), routinely and as a matter of practice and policy failed and refused to pay the plaintiff and other similarly situated employees at a rate not less than the statutory minimum wage as provided by the IMWL.

## II. THE PARTIES

5. The plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

6. The defendant, CHOI, is an individual domiciled in the State of Illinois who, upon information and belief, resides within this judicial district.

7. The defendant, WANG, is an individual domiciled in the State of Illinois who, upon information and belief, resides within this judicial district

8.      The defendant, KO CHEE JIP, is an Illinois corporation domiciled in the State of Illinois.

## III. JURISDICTION AND VENUE

9.      Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

10.      Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

11.      Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

12.      Further, venue is proper pursuant to 28 U.S.C. § 1391, as KO CHEE JIP is an Illinois Corporation having its registered office at 690 Kylemore Drive, Des Plaines, Illinois 60016, in the County of Cook, within this judicial district.

## IV. STATUTORY CONSENT

13.      The plaintiff brings this case as a collective action under the FLSA on behalf of himself and all those similarly situated, and in accord with Section 16(b) of the FLSA, the plaintiff has given written consent to bring such an action.

14.      The plaintiff's Notice of Consent is incorporated herein by reference and attached hereto as **Exhibit A**.

## V. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15.      Upon information and belief, at certain times herein relevant CHOI was the president of KO CHEE JIP.

16.      Upon information and belief, at certain times herein relevant CHOI held/holds an ownership interest in KO CHEE JIP.

17. Upon information and belief, at all times herein relevant CHOI exercised/exercises control over significant aspects of KO CHEE JIP's day-to-day functions.

18. At certain times herein relevant WANG was/is the president of KO CHEE JIP.

19. Upon information and belief, at certain times herein relevant WANG held/holds an ownership interest in KO CHEE JIP.

20. Upon information and belief, at certain times herein relevant WANG exercised/exercises control over significant aspects of KO CHEE JIP's day-to-day functions.

21. At all times relevant to this action, each and all of the defendants including the individual defendants, CHOI, and WANG, were acting directly or indirectly in the interest of the employer in relation to the employee plaintiffs represented herein and, therefore, were and are "employers" within the meaning of Section 3(a) and (d) of the FLSA, 29 U.S.C. §§ 203(a) and 203(d), and as such are jointly and severally liable for the unpaid wages and other relief sought herein.

22. At all times herein relevant, the plaintiff and members of the plaintiff class were "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

23. During the course of his employment by the defendants, the plaintiff was employed as a laborer and was not exempt from the overtime wage provisions of the FLSA.

24. The plaintiff was first employed by the defendants in or about April 2004, and was last employed by the defendants in July 2007.

25. During the course of his employment by the defendants, plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

26. At all times herein relevant, the defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

27. The plaintiff, and other similarly situated employees, were routinely directed by the defendants to work, and did so work, in excess of 40 hours per week.

### COUNT I
### (Violation of the FLSA)

28. The plaintiff re-alleges the foregoing allegations.

29. The defendants violated the FLSA by:

   i. failing to pay the plaintiff for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

   ii. failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed.

30. The defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **GREGORIO MURILLO**, on behalf of himself and all other employees similarly situated, known and unknown, prays for

judgment in his favor and against the defendants, **BECKY CHOI**, **PAUL WANG**, and **KO CHEE JIP, INC.,** and each of them, and for the following relief:

    A.    damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the FLSA's mandatory minimum rate;

    B.    damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    C.    statutory liquidated damages as allowed by the FLSA;

    D.    interest on all amounts awarded;

    E.    reasonable attorneys' fees, together with costs of suit and collection; and

    F.    such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

31.    The plaintiff re-alleges the foregoing allegations.

32.    The defendants violated the IMWL by:

    i.    failing to pay the plaintiff for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

    ii.    failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed.

33. The defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **GREGORIO MURILLO**, prays for judgment in his favor and against the defendants, **BECKY CHOI**, **PAUL WANG**, and **KO CHEE JIP, INC.**, and each of them, and for the following relief:

   A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the IMWL's mandatory minimum rate;

   B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

   C. statutory punitive damages as allowed by the IMWL;

   D. interest on all amounts awarded;

   E. reasonable attorneys' fees, together with costs of suit and collection; and

   F. such further relief as may be fair and just in the premises.

### COUNT III
### (IWPCA / AFWAA Claims)

34. The plaintiff re-alleges the foregoing allegations.

35. The defendants violated the IWPCA by:

   i. failing to pay the plaintiff for certain hours at a rate equal to or greater than the statutory minimum wage;

    ii.    failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

    iii.    failing to pay the plaintiff certain wages either weekly or biweekly; and/or

    iv.    failing to pay the plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the plaintiff, **GREGORIO MURILLO**, prays for judgment in his favor and against the defendants, **BECKY CHOI**, **PAUL WANG**, and **KO CHEE JIP, INC.,** and each of them, and for the following relief:

    A.    an order commanding the defendants to pay the plaintiff any and all wages the defendants owe the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the IMWL's minimum rate);

    B.    an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

    C.    interest on all amounts awarded;

    D.    reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

    E.    such further relief as may be fair and just in the premises.

## **JURY DEMAND**

NOW COMES, the plaintiff, **GREGORIO MURILLO**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and hereby demands trial by jury of all the issues set forth herein.

Respectfully submitted,

/s/ Paul Luka
PAUL LUKA  ARDC #6288860

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against BECKY CHOI, PAUL WANG, KO CHEE JIP, INC., and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

_____
GREGORIO MURILLO