IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO MURILLO, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>Plaintiffs,<br>v.<br><br>BECKY CHOI, individually, JONG K. BANG, individually, and KOCHIJIP, INC., an Illinois corporation,<br><br>Defendants. | No. 08 CV 119<br>Hon. Joan B. Gottschall |

### PLAINTIFF'S OPPOSITION TO DEFENDANT BECKY CHOI'S MOTION TO DISMISS THE AMENDED COMPLAINT

The plaintiff, GREGORIO MURILLO, by and through his attorneys of record, responds to the **Defendant Becky Choi's Motion to Dismiss the Amended Complaint** [Doc. 24] as follows.

### INTRODUCTION

Whether the plaintiff falls under the protection of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq* ("FLSA"), is a question that goes to the merits of his claim, not to jurisdiction as the defendant, BECKY CHOI ("Defendant"), argues in her motion to dismiss. A Rule 12 motion is the wrong vehicle with which to challenge the merits of the plaintiff's claim. Moving beyond procedure, Defendant's motion bases her argument entirely upon "individual coverage" under the FLSA and completely ignores "enterprise coverage." Whether or not the plaintiff sufficiently states a claim that he is a covered individual, he clearly states that enterprise coverage extends the FLSA's protections to him. Because Defendant treats only individual coverage in her motion, she does not

refute this assertion, and she attacks no other substantive element of the plaintiff's claims. In any event, the plaintiff has also stated a claim that he is a covered individual. Accordingly, the plaintiff prays that this Court will deny Defendant's motion in its entirety.

## ARGUMENT

**1. Defendant completely ignores enterprise coverage in her motion, under which the plaintiff clearly states a claim that the FLSA's protections apply to him; and Defendant attacks no other substantive element of the plaintiff's claims.**

Because she confuses individual coverage with enterprise coverage, Defendant's motion misses the mark completely. Defendant argues that the plaintiff's allegation that he "handled goods . . . that moved in interstate commerce" is insufficient to sustain a cause of action under the FLSA. (Mtn. ¶ 9). While this allegation alone may or may not be enough to satisfy the requirements for individual coverage under the FLSA, it is in fact one of the ingredients of enterprise coverage. As shown below, the plaintiff made this allegation in conjunction with another allegation that, together with this one, squarely implicates enterprise coverage. The plaintiff's theory of recovery is chiefly rooted in enterprise coverage, but Defendant's argument is based entirely on individual coverage. In effect, by ignoring enterprise coverage in her motion, Defendant brought a hockey stick to a baseball game.

For the proposition that the plaintiff is not covered by the FLSA, Defendant cites three cases: *Engebertson v. E.J. Albrecht Co.*, 150 F. 2d 602 (7th Cir. 1945), *McLeod v. Threlkeld*, 319 U.S. 491 (1943), and *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). In particular, Defendant notes that *McLeod* said the FLSA did not cover a cook and caretaker for maintenance-of-way men on a railroad, because that particular cook

2

was not himself engaged in the production of goods for commerce. (Mtn. ¶ 7). The problem is that, although *McLeod* and the other two cases Defendant cites may still be good law with regard to individual coverage under the FLSA, they were decided prior to the 1961 amendment that created enterprise coverage.

Defendant appears to be unaware that the scope of the FLSA "was enlarged by a 1961 amendment which added another basis for coverage, commonly called 'enterprise' coverage, whereby the minimum wage and overtime protection of the [FLSA] was extended to each and every employee of an 'enterprise engaged in commerce or in the production of goods for commerce,' unless specifically exempted." *Radulescu v. Moldowan*, 845 F. Supp. 1260, 1262 (N.D. Ill. 1994). Since the 1961 amendment, the "FLSA's overtime provisions apply if either the employer is a covered enterprise or the plaintiffs are covered individuals." *Rivera v. Heights Landscaping, Inc.*, 2004 U.S. Dist. LEXIS 3746, 2 (N.D. Ill. Mar. 4, 2004) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n. 8 (1985)).

For an employer to be an enterprise engaged in commerce or in the production of goods for commerce it must: (i) have employees engaged in commerce or in the production of goods for commerce, *or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person*; and (ii) have an annual gross volume of sales made or business done is not less than $500,000.00. 29 USCS § 203(s)(1)(A) (emphasis added). As *Rivera* explained, "[i]f enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce." 2004 U.S. Dist. LEXIS 3746 at 3 (citations omitted).

Federal notice pleading "requires the plaintiff to set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. Ill. 1999). A complaint "need not spell out every element of a legal theory to provide notice . . . ." Defendant admits in her motion that the plaintiff alleged the following in his Amended Complaint:

    a. During the course of [her] employment by defendants, plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.[1]

    b. At all times herein relevant, the defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. 203(s)(1)(A).

(Mtn. at ¶ 4). When accepted "as true and drawing all reasonable inferences in favor of the plaintiff . . . ," (Mtn. ¶ 5) (citing *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996)), the plaintiff's allegations are sufficient to state a claim that the defendants' business is and was a covered enterprise under the FLSA – and therefore, that all of the defendants' employees (including the plaintiff) are covered. The plaintiff even cited the section of the FLSA that deals with enterprise coverage directly in his complaint. This is sufficient to put the defendants on notice, and to survive a 12(b)(6) challenge. Because Defendant treats only individual coverage in her motion, she does not refute the plaintiff's enterprise coverage allegations, and she attacks no other substantive element of the plaintiff's claims.

---

[1] Defendant suggests in her motion that the plaintiff worked as a "dishwasher"; but the plaintiff claims he was often also assigned to cut meat and handle or process other food products that travelled in interstate commerce. Regardless of these outside allegations, a complaint "need not spell out every element of a legal theory to provide notice . . . ," let alone detail every aspect of the plaintiff's job duties. *Scott*, 195 F.3d 950 at 951. The plaintiff maintains that what his job duties consisted of is a question of fact to be explored in discovery and ultimately submitted to the jury.

**2. Even though Defendant purports to bring her motion pursuant to Rule 12, it is really nothing more than a veiled attack on the merits of the plaintiff's claims, and therefore Rule 12 is an improper vehicle.**

Just like the defendants in *Rivera*, Defendant argues that the plaintiff is "not engaged in commerce or the production of goods for commerce," and is therefore not a covered individual.[2]  *Rivera*, 2004 U.S. Dist. LEXIS 3746 at 4.  Thus, according to Defendant, the court lacks subject matter jurisdiction over the plaintiff's FLSA claims.  But as *Rivera* explained, this is incorrect.  *Id*.  Whether or not the plaintiff falls under the protections of the FLSA is an issue regarding the merits of his claim, not the court's jurisdiction.  *Id*. (citing *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330-332 (S.D.N.Y. 2002); *Reich v. Troyer*, 1996 U.S. Dist. LEXIS 5558 (E.D. La. Apr. 23, 1996)).  Moore's Federal Practice notes that:

> "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as a predicate for relief – a merits-related determination." 2 Moore's Fed. Practice § 12.30(1) (3d ed. 2000). In cases in which a federal statute both provides the basis for jurisdiction and creates the cause of action, the court "'should find that it has jurisdiction over the case and deal with the defendant's challenge on the merits.'" Troyer, 1996 U.S. Dist. LEXIS 5558 (quoting Clark v. Tarrant County, Texas, 798 F.2d 736, 741-42 (5th Cir. 1986)).

*Id.*, 2004 U.S. Dist. LEXIS 3746 at 4-5 (quoting Moore's Fed. Practice and *Troyer* as noted internally).

Defendant brought her motion pursuant to FRCP 12(b)(1) and FRCP 12(b)(6), but because her purported jurisdictional attack is really a veiled attack on the merits, 12(b)(1) is the incorrect vehicle and must fail.  Further, as shown in Section 1 above, the plaintiff

---

[2] The defendants in *Rivera* also argued against the application of enterprise coverage, but as shown above, Defendant limited her argument to individual coverage.  The plaintiff's argument regarding jurisdiction is applicable in either case.

stated a claim that enterprise coverage extends the FLSA's protections to him. Defendant did not attack the plaintiff's enterprise coverage allegations, and therefore, her motion must fail under 12(b)(6) as well.

> **3. Defendant's Rule 12 motion should be denied, rather than converted into one for summary judgment, because the only outside matter that Defendants present is completely unsupported.**

A 12(b)(6) motion may be treated as one for summary judgment, if "matters outside the pleading are presented to and not excluded by the court . . . , and all parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 [*i.e.* discovery is allowed]." FRCP 12. For example, in *Rivera* the court denied the defendants' Rule 12 motion and allowed discovery on the pertinent issues." 2004 U.S. Dist. LEXIS 3746 at 16. The *Rivera* defendants countered that they had already produced certain financial information, among other things, and that discovery would bring nothing new to light. *Id*. at 7. In response, the court said the even if that were to prove true in the end, the "plaintiffs are entitled to test the accuracy of [the defendants'] proffered financial information if they choose to do so." *Id*. They are entitled to depose and cross examine those who would introduce evidence.

In the instant case, Defendant's Rule 12 motion should not be converted into one for summary judgment, but should be denied. The court should only make such a conversion if "matters outside the pleading are presented to and not excluded by the court". FRCP 12. Unlike the defendants in Rivera, Defendant has not proffered anything but a bald assertion. The only outside matter Defendant presents is the statement that the plaintiff worked as a dishwasher, which implies that he did not handle food products (the plaintiff responds to this in footnote 1 above). (Mtn. ¶ 8). The court should exclude this

6

statement and its implications for a number of reasons, the chief of which being that it is unsupported by affidavit, deposition testimony or even by answers to written discovery.

Furthermore, the statement that the plaintiff was a dishwasher was made as part of an argument directed toward the wrong basis of coverage under the FLSA. Defendant reproduced allegations from the Amended Complaint that clearly implicate enterprise coverage, but then attempted to refute them with arguments that the plaintiff is not a covered individual. If the instant motion were converted to one for summary judgment, confusion would abound. Defendant should instead make a new motion under Rule 56, if she should so choose, after the parties have had an opportunity to engage in discovery. At the very least, if the court does convert the instant motion, it should first allow discovery and allow the parties sufficient time thereafter to submit Rule 56.1 statements.

4. **Notwithstanding the above, the plaintiff may in fact *be* a covered individual in that he processed and prepared ethnic food for customers, portions of which may have been specially ordered from out of state or even overseas.**

*Rivera* was a case that involved landscapers. 2004 U.S. Dist. LEXIS 3746 at 1. In that case, for the purpose of individual coverage, it made no difference whether the plaintiff landscapers handled rakes, fertilizers or other items that moved in interstate commerce (though it did make a difference with regard to enterprise coverage). *Id*. at 14. However, *Rivera* noted that the landscapers supplied plants and shrubs to customers, which constituted a sale of goods. *Id*. This was relevant because, "[w]hether any of those plants or shrubs were specially ordered through interstate commerce (rather than being purchased from available stock at local nurseries) may make a difference. *Id*. at 14-15 (parenthetical in original) (citing *Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169 (S.D. Ind. 1995), for the proposition that there is   "no

7

individual coverage for plaintiff who purchased food and supplies from local retailers; when goods, *which were not specially ordered*, reached local retailers, their interstate journey ended" (emphasis added)).

In the instant case, the plaintiff alleged that he "handled goods, including perishable produce and other food products that moved in interstate commerce." Am. Comp. ¶ 25. The argument applies equally to any restaurant,[3] but because the plaintiff was employed at an ethnic (Korean) restaurant, the possibility that he handled items which were specially ordered from out of state or even from overseas, looms especially large. *Rivera* recognized that items specially ordered through interstate commerce – in that case it was plants and shrubs, in this case it may have been specialty food products – which are processed by employees and sold to customers would implicate individual coverage. 2004 U.S. Dist. LEXIS 3746 at 14-15.

A dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief. *Porter v. DiBlasio*, 93 F. 3d 301, 305 (7th Cir. 1996). When considering a motion to dismiss, the court must draw all reasonable inferences in favor of the plaintiff. *Kingdom of Saudi Arabia*, 73 F.3d 1423 at 1429. Under the individual coverage analysis embraced by *Rivera*, and in the context of a 12(b)(6) motion, it is reasonable for the court to infer that the plaintiff could have processed items for customers that were specially ordered from out of state. Thus, under the liberal standard applied to 12(b)(6) motions, the plaintiff has stated a claim he is a covered individual.

The point is academic because, even if the plaintiff did not state a claim that he is a covered individual, he clearly stated a claim that enterprise coverage extends the

---

[3] It therefore does not rely upon matters outside the pleadings.

FLSA's protections to him. That said, the argument made above is equally applicable: if the instant motion were converted to one for summary judgment, confusion would abound. Defendant should instead make a new motion under Rule 56, if she should so choose, after the parties have had an opportunity to engage in discovery. At the very least, if the court does convert the instant motion, it should first allow discovery and allow the parties sufficient time thereafter to submit Rule 56.1 statements.

**5. Because the plaintiff's FLSA claims survive the instant Rule 12 challenge, his supplemental claims should not be dismissed.**

Defendant's argument that the plaintiff's supplemental claims should be dismissed is entirely derivative. Defendant argues that, because "Plaintiff cannot assert a claim under the [FLSA], Plaintiff does not have federal question jurisdiction and cannot sustain supplemental jurisdiction of his state law claims." (Mtn. ¶ 10). Because the plaintiff has in fact stated a claim under the FLSA as shown above, his supplemental, state law claims should not be dismissed.

**6. Defendant's motion should be denied, rather than converted, because the codefendants have answered the Amended Complaint.**

Finally, the codefendants, JONG K. BANG, and KOCHIJIP, INC. ("Codefendants"), have already filed an Answer [Doc. 17] to the Amended Complaint. The plaintiff alleged that Codefendants and Defendant each owned the business that employed him at certain times, and may have jointly employed him at other times. This contemplates the issue because, for example, Defendant may have specially ordered food products, while Codefendants might not have, and *vice versa*. Codefendants may have had other restaurants under common ownership and control (part of the test to determine gross receipts with regard to that element of enterprise coverage), while Defendant might

9

not have, and *vice versa*.    This exemplifies the fact-intensive nature of the inquiries that still need to be made.

The plaintiff stated a claim that survives Defendant's 12(b)(6) challenge, and the fact that Codefendants have answered the Amended Complaint is an additional reason why Defendant's motion should be denied, rather than converted.  Converting a motion that was aimed at defeating the wrong basis of coverage would double the confusion surrounding ownership, control, special ordering and revenues – all issues that may become instrumental with regard to coverage.  Defendant should make a Rule 56 motion, if she so chooses, after the parties have had an opportunity to take appropriate discovery.  Otherwise, confusion would abound.

## CONCLUSION

Because she confuses individual coverage for enterprise coverage, Defendant's motion misses the mark completely.    In effect, by ignoring enterprise coverage, Defendant brought a hockey stick to a baseball game.  The plaintiff clearly states a claim that enterprise coverage extends the FLSA's protection to him.  Because Defendant treats only individual coverage in her motion, she does not refute this assertion, and she attacks no other substantive element of the plaintiff's claims.  In any event, the plaintiff has also stated a claim that he is a covered individual.  Finally, whether the plaintiff falls under the protection of the FLSA is a question that goes to the merits of his claim, and not to jurisdiction.  A Rule 12 motion is the wrong vehicle with which to challenge the merits of the plaintiff's claim.

WHEREFORE the plaintiff, GREGORIO MURILLO, prays that this Court will deny the Defendant Becky Choi's Motion to Dismiss the Amended Complaint [Doc. 24] in its entirety.  Alternatively, the plaintiff prays that this Court will grant the plaintiff leave to take appropriate discovery.

                              Respectfully submitted,

                              /s/Paul Luka
                              PAUL LUKA

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 28, 2008, he served a copy of this certificate and the attached document on all attorneys of record by causing them to be issued through the Court's Electronic Case Filing System in accordance with FRCP 5(b)(2)(D), and LR5.9 of the Northern District of Illinois.

                                                            /s/Paul Luka
                                                            PAUL LUKA ARDC# 6288860

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street • Suite 400
Chicago, IL 60603
312.236.9825 tel.
312.236.9826 fax