IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO MURILLO, on behalf of himself and all other employees similarly situated, known and unknown, | ) ) ) ) | Civil Action |
| | ) | No.  08 CV 119 |
| Plaintiffs, | ) ) | Honorable Joan B. Gottschall |
| vs. | ) ) | |
| BECKY CHOI, individually, JOHN K. BANG, individually, and KOCHIJIP, INC., an Illinois corporation, | ) ) ) ) | |
| Defendants. | ) | |

**<u>DEFENDANT BECKY CHOI'S MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

Defendant Becky Choi, by and through her attorneys, Gordon & Rappold LLC, moves this honorable court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the Amended Complaint for failure to state a claim as to Count I and lack of subject matter jurisdiction as to Counts II and III and in support thereof, states as follows:

**<u>INTRODUCTION</u>**

1. This case arises out of wage claims relating to Plaintiff's employment at Kochijip as a dishwasher.

2. In Count I of the Amended Complaint, Plaintiff brings a cause of action for violation of the Fair Labor Standards Act pursuant to federal question jurisdiction under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

3. In Counts II and III of the Amended Complaint, Plaintiff brings causes of action for violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.,* the Illinois Wage

Payment and Collection Act, 820 ILCS 115/1 *et seq.* and the Attorneys' Fees in Wage Actions Act, 705 ILCS 225 *et seq.* pursuant to supplemental jurisdiction.

    4.    In support of his claim under the Fair Labor Standards Act, Plaintiff alleges the following:

    a.    During the course of his employment by the defendants, plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce. Am. Compl., ¶ 25.

    b.    At all times herein relevant, the defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A). Am. Compl., ¶ 26.

## ARGUMENT

    5.    Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted ...." Fed.Rules Civ.Proc.Rule 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1429 (7th Cir.1996). A dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).

    6.    If basis of motion to dismiss for lack of subject matter jurisdiction is facial attack that allegations of jurisdiction in pleadings are facially insufficient to demonstrate existence of jurisdiction, then standard applied to motion is similar to standard applied to motion to dismiss for failure to state a claim; namely, the court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in light most favorable to plaintiff. *Berg v. BCS Financial Corp.,* 372 F.Supp.2d 1080, 1088-89 (N.D. Ill. 2005); Fed.Rules Civ.Proc.Rule 12(b)(1) and (6).

7. The application of Fair Labor Standards Act depends on the character of employee's activities rather than on nature of employer's activities. *Engebretsen v. E. J. Albrecht Co.*, 150 F.2d 602, 605 (7th Cir. 1945). In *McLeod v. Threlkeld*, the United States Supreme Court found that the plaintiff employee, who was a cook and caretaker for maintenance-of-way men on a railroad, was not engaged in the production of goods for commerce under the Fair Labor Standards Act. 319 U.S. 491 (1943).

8. The test for determining whether employees are "engaged in commerce" within the Fair Labor Standards Act is whether the work is so directly and vitally related to the functioning of an instrumentality of facility of interstate commerce as to be, in practical effect, a part of it, rather than an isolated local activity. *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). Plaintiff was a dishwasher at Kochijip and thus his duties bore no direct relation to interstate commerce, as required for an action under the Fair Labor Standards Act as illustrated by the above-cited case law. Even if Plaintiff could prove that the defendant engaged in interstate commerce, Plaintiff's work as a dishwasher is not directly or vitally related to activities in interstate commerce and thus Plaintiff was not engaged in the production of goods for commerce under the Fair Labor Standards Act.

9. Further, Plaintiff's allegation that he handled goods, including perishable produce and other food products that moved in interstate commerce is not sufficient to sustain a cause of action under the Fair Labor Standards Act, as this activity is not directly related to activities in interstate commerce. Because of these reasons, Plaintiff fails to state a claim upon which relief can be granted under the Fair Labor Standards Act and Count I should be dismissed with prejudice.

10.     Additionally, Plaintiff does not assert a cause of action under "enterprise coverage," whereby the minimum wage and overtime protection of the FLSA are extended to each and every employee of an "enterprise engaged in commerce or in the production of goods for commerce." *Herman v. Harmelech* 2000 WL 420839, at *5 (N.D. Ill.). For an employer to be an enterprise engaged in commerce or in the production of goods for commerce it must: (i) have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and** (ii) have an annual gross volume of sales made or business done is not less than $500,000.00. 29 U.S.C.A. § 203(s)(1)(A)(i) and (ii).

11.     Regarding the elements required to plead a cause of action under the Fair Labor Standards Act using "enterprise coverage," Plaintiff alleges in paragraph 25 of the Amended Complaint that "During the course of his employment by the defendants, plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce" and alleges in paragraph 26 of the Amended Complaint that "At all times herein relevant, the defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A)." However, Plaintiff does not allege in the Amended Complaint that Defendant employer had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Because Plaintiff fails to allege the second element required to assert a cause of action under the Fair Labor Standards Act utilizing "enterprise coverage," Count I should be dismissed with prejudice.

12.     Because Plaintiff cannot assert a claim under the Fair Labor Standards Act, Plaintiff does not have federal question jurisdiction and cannot sustain supplemental jurisdiction

4

of his state law claims.  For these reasons, Counts II and III of the Amended Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

**WHEREFORE,** Defendant, Becky Choi, prays that this Court dismiss Counts I, II and III of the Amended Complaint with prejudice and for any other relief this Court deems just.

Respectfully submitted,

By:    /ss//  Peter J. Miller
One of Her Attorneys

Peter J. Miller
GORDON & RAPPOLD LLC
20 South Clark Street, Suite 2600
Chicago, Illinois  60603
312-332-5200